[No. B081505. Second Dist., Div. One. July 14, 1995.]

CARL L. JIMENA, Plaintiff and Appellant, v.
CLIFFORD BRAD ALESSO et al., Defendants and Respondents.

**[Opinion certified for partial publication.\*]**

*Pursuant to California Rules of Court, rules 976(b) and 976.1, this opinion is certified for publication with the exception of parts II, III, IV, V, VI and VII.

COUNSEL

Carl L. Jimena, in pro. per., for Plaintiff and Appellant.

Kinkle, Rodiger & Spriggs and Emily Kordyban for Defendants and Respondents.

OPINION

**ORTEGA, Acting P. J.**—This appeal arises out of a freeway collision in which the car driven by plaintiff/appellant rear-ended defendants/respondents' car. At trial, the issue was whether the accident was a straight

rear-end collision in which appellant was clearly at fault or whether respondent Clifford Alesso, who drove the other car, suddenly changed lanes and cut off appellant. Each side called an expert accident reconstructionist who verified its version of events. The jury found for respondents. The issue is whether a reconstructionist's inconsistent testimony from a prior judicial arbitration hearing is admissible to impeach him at the trial. We hold it is not and affirm the judgment.

## DISCUSSION

## I

California Rules of Court, rule 1616(c)[1] addresses trial after arbitration and provides: "The case shall be tried as though no arbitration proceedings had occurred. No reference may be made during the trial to the arbitration award, to the fact that there had been arbitration proceedings, to the evidence adduced at the arbitration hearing, or to any other aspect of the arbitration proceedings, and none of the foregoing may be used as affirmative evidence, or by way of impeachment, or for any other purpose at the trial." Evidence Code sections 770, 780, subdivision (h), 785, 786, and 1235 collectively permit attacks on witness credibility by use of prior inconsistent statements. The question is whether, since these provisions cannot be reconciled with rule 1616(c), the rule must give way to the statute.

Rule 1616(c), adopted by the Judicial Council, is a reflection of the Legislature's strong endorsement in the judicial arbitration act of the use of arbitration as an alternative to the court system (Code Civ. Proc., § 1141.10 et seq.). The courts of this state honor the legislative intent to protect the integrity and finality of dispute resolution from unending litigation. (See e.g., *Moore* v. *Conliffe* (1994) 7 Cal.4th 634, 644 [29 Cal.Rptr.2d 152, 871 P.2d 204].)

Section 1141.14 of the Code of Civil Procedure provides: "Notwithstanding *any other provision of law* except the provisions of this chapter, the Judicial Council shall provide by rule for practice and procedure for all actions submitted to arbitration under this chapter. . . ." (Italics added.) This section provides overarching statutory authority for the adoption of such rules.

The prohibitions of rule 1616(c) against any reference to any aspect of the arbitration proceeding, and against the use of any evidence given at the arbitration proceeding for any purpose at trial are clear, unequivocal, and

---

[1]All further rule references are to the California Rules of Court.

comprehensive in furtherance of the goal that trial after judicial arbitration be truly de novo.

The primacy thus granted rule 1616(c) over the Evidence Code results in a situation we feel obliged to note. We appreciate that overburdened trial courts, aided by the Legislature, must seek ever more expeditious ways to handle disputes. At the same time, disputes should be handled in a manner that retains some degree of credibility. Preference for the "simpli[city] and econom[y]" of arbitration (Code Civ. Proc., § 1141.10, subd. (b)(1)) flies in the face of the search for truth implicit in a trial. The philosophical question of what is more important, expeditious resolution or truth, is best left to those in other hallowed halls. Undoubtedly some trials come out differently than had impeachment from a prior arbitration been allowed. However, the legislation mandating the adoption of arbitration rules is as clear as rule 1616(c).

A witness's testimony from a judicial arbitration is not admissible to impeach his testimony at a subsequent trial.

## II-VII*

. . . . . . . . . . . . . . . . . . . . . . . . . .

### DISPOSITION

The judgment is affirmed.

Vogel (Miriam A.), J., and Masterson, J., concurred.

Appellant's petition for review by the Supreme Court was denied September 22, 1995, Mosk, J., and Kennard, J., were of the opinion that the petition should be granted.

---

*See footnote, *ante*, page 1028.